IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTEL N. FITZGERALD, Plaintiff, | * * * | |
| v. | * * | |
| WAL-MART STORES EAST, LP, *et al.*, Defendants. | * * * | |
| and | * * | Civil Action No. AW-13-422 |
| USM, INC., Defendant and Third Party Plaintiff, | * * * | |
| v. | * * | |
| MCHI, INC. d/b/a SNOW PATROL, INC., Third Party Defendant. | * * * | |

## MEMORANDUM OPINION

Pending before the Court is Third Party Defendant's Motion to Dismiss the Third Party Complaint for lack of personal jurisdiction. Doc. No. 23. The Court has reviewed the motion papers and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, Third Party Defendant's Motion to Dismiss will be DENIED.

**I.   BACKGROUND**

This personal injury action arises from an incident on December 21, 2009, when Plaintiff Christel Fitzgerald fell on a patch of ice in a parking lot adjacent to a Wal-Mart store in Alexandria, Virginia. Doc. No. 2 ¶¶ 7-8. On December 20, 2012, Fitzgerald filed suit in the Circuit Court for Prince George's County, Maryland against six different Wal-Mart entities which she claimed owned, operated, or were responsible for the premises. *Id.* ¶ 9; Doc. No. 2-1 at 1. She also named USM, Inc. ("USM" or "Third Party Plaintiff") as a Defendant, alleging that

1

it had a contract with one or more Wal-Mart entities to perform or oversee snow removal at the premises. Doc. No. 2 ¶ 10.

Defendants removed the action to this Court on February 11, 2013. Doc. No. 1. On June 13, 2013, USM filed a Third Party Complaint against MCHI, Inc. d/b/a Snow Patrol, Inc. ("Snow Patrol" or "Third Party Defendant").[1] Doc. No. 17. Third Party Defendant was the company contracted by USM to perform snow removal services at the Alexandria location on the date of Plaintiff's fall. *Id.* ¶ 4. USM seeks indemnification and/or contribution from Snow Patrol in an amount equal to any damages awarded against USM in Plaintiff's first party action. *Id.* ¶ 8.

On September 20, 2013, Third Party Defendant filed its Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Doc. No. 23. The Motion has been fully briefed and is ripe for the Court's consideration.

## II.     ANALYSIS

When a court's power to exercise personal jurisdiction over a nonresident defendant is properly challenged by a motion under Rule 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). If the existence of jurisdiction turns on disputed factual questions the court may resolve the motion on the basis of an evidentiary hearing. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "However, if the court rules on the motion without conducting an evidentiary hearing and relies solely on the basis of the pleadings,

---

[1] According to Third Party Defendant's Motion, MCHI, Inc. formerly did business under the name Snow Patrol, but also operated as a separate and individual entity. Doc. No. 23 at 2. Although neither entity is currently "an active corporation . . . , at the time of the underlying incident, Snow Patrol and MCHI were both corporations duly organized and existing by virtue of the laws of the Commonwealth of Virginia." *Id.*; *see also* Farhat Affs., Doc. No. 23 Exs. 1, 2. The Court's analysis is the same whether it considers Snow Patrol to be one entity or two. Because Third Party Defendant refers to itself as "Snow Patrol," the Court will do likewise for the purposes of deciding the pending Motion.

2

allegations in the complaint, motion papers, affidavits, and discovery materials, the plaintiff need only make a prima facie showing of personal jurisdiction." *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 697 (D. Md. 2012) (citations and internal quotations omitted). "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Md.*, 334 F.3d at 396.

The analysis in this case is governed by Rule 4(k)(1) of the Federal Rules of Civil Procedure, which provides:

> **(1) *In General.*** Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> > **(A)** who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
> >
> > **(B)** *who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued*; or
> >
> > **(C)** when authorized by a federal statute.

Fed. R. Civ. P. 4(k)(1) (emphasis added). As Snow Patrol was impleaded as a third party defendant under Rule 14 of the Federal Rules, it is subject to the "100-mile bulge" of Rule 4(k)(1)(B). *Hollerbach & Andrews Equip. Co., Inc. v. S. Concrete Pumping, Inc.*, No. HAR 95-826, 1995 WL 604706, at *2 (D. Md. Sept. 29, 1995). "Rule 4(k) extends the territorial jurisdiction of the federal courts; thus, whether or not the forum state could exercise jurisdiction over the party in the same circumstances is immaterial." *Id.* (footnotes omitted) (citing *Quinones v. Penn. Gen. Ins. Co.,* 804 F.2d 1167, 1176 (10th Cir. 1986)). The rationale underlying the bulge rule[2] was aptly summarized by Judge Kaufman in an opinion from this District:

---

[2] The provision was originally found in Rule 4(f), but was moved to Rule 4(k)(1) by the 1993 Amendments to the Federal Rules. *See* Fed. R. Civ. P. 4 advisory committee's notes.

3

> The fundamental federal policy underlying the 100-mile bulge provision of [Rule 4(k)(1)(B)] is that the benefits that may be obtained from the disposition by a federal court of an entire controversy far outweigh the burden of requiring an appearance in a federal court located in a state other than his own, by an impleaded party properly served within the modest bulge area around the forum. The fact that the state, in which a federal district court sits, does not adopt that policy, insofar as its own state courts are concerned, cannot be permitted to affect the duty of a federal court, which is part of an independent system for administering justice, to effectuate the federal policy enunciated in a rule whose constitutionality is established. Indeed, were the application of the 100-mile bulge provision of [Rule 4(k)(1)(B)] to turn on standards set by the forum state, that provision would be a dead letter in any state which chose not to have any long-arm statute—a result which would clearly thwart federal policy. In order fully to effectuate federal policy, the 100-mile bulge provision of [Rule 4(k)(1)(B)] must be applied independently of the service provisions of the forum state.

*McGonigle v. Penn-Central Transp. Co.,* 49 F.R.D. 58, 62 (D. Md. 1969) (footnotes omitted) (internal quotations omitted); *see also, e.g.*, *Paxton v. S. Penn. Bank*, 93 F.R.D. 503, 505 (D. Md. 1982); Fed. R. Civ. P. 4 advisory committee's notes.[3]

However, application of the 100-mile bulge rule may still be limited by the Due Process Clause. For the Court to exercise personal jurisdiction over the Third Party Defendant in this action, it must find that Snow Patrol established sufficient minimum contacts with the bulge area. *See, e.g.*, *Hollerbach*, 1995 WL 604706, at *2 (requiring finding that third party defendant "purposefully availed itself of the benefits and protections of the bulge state"); *Quinones*, 804 F.2d at 1177 ("[A] federal district court may exercise personal jurisdiction over a Rule 14 . . . party if that party has sufficient minimum contacts with the area defined by a 100-mile radius from the courthouse, regardless of whether that limited area is within one state or spans several states."); *Sprow v. Hartford Ins. Co.*, 594 F.2d 412, 417 (5th Cir. 1979) (requiring a "meaningful nexus" with the bulge area or forum state). Furthermore, the exercise of jurisdiction over Snow Patrol "must not offend 'traditional notions of fair play and substantial justice.'" *Hollerbach*,

---
[3] Accordingly, Snow Patrol's arguments regarding the Maryland long-arm statute are inapposite.

1995 WL 604705, at *2 (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987)).

USM has successfully made a prima facie showing that the Court has jurisdiction over Third Party Defendant, as the record demonstrates that Snow Patrol had the requisite minimum contacts within the bulge area to alleviate any due process concerns. Snow Patrol was incorporated in Virginia, its business address was in Fairfax, Virginia, and its registered agent is located in Broad Run, Virginia.[4] *See* Doc. No. 17; Farhat Affs., Doc. No. 23 Exs. 1, 2. It is not disputed that these addresses are within 100 miles of both the Greenbelt and Baltimore federal courthouses. *See* Doc. Nos. 26-2, 26-3.[5] The underlying accident involving Plaintiff occurred at a Wal-Mart store in Alexandria, Virginia, also within 100 miles of the courthouses.[6] Snow Patrol does not dispute that it contracted with USM to provide snow removal services at the Alexandria site. It is therefore clear from the record that Snow Patrol purposefully availed itself of the privilege of conducting business activities within the bulge area such that the Court may exercise specific jurisdiction.[7] *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (exercise of specific jurisdiction is appropriate where "the defendant has purposefully directed his activities at residents" of the relevant forum "and the litigation results from alleged injuries that arise out of or relate to those activities") (citations and internal quotations omitted); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[I]t is essential . . . that there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within

---

[4] Snow Patrol also admits that it conducted business activities only in Virginia and that its only place of business was in Virginia. Farhat Affs., Doc. No. 23 Exs. 1, 2.

[5] USM's exhibits show the driving distance between the relevant locations. In *Pierce v. Globemaster Baltimore, Inc.*, 49 F.R.D. 63, 65 (D. Md. 1969), Judge Kaufman adopted the "air mile approach" rather than the driving distance approach. Under either approach, however, it is clear that the locations of Snow Patrol's office and relevant business activities were within 100 miles of the federal courthouses in Maryland.

[6] The Court may take judicial notice of distance calculations. *See, e.g.*, *United States v. Franklin*, Crim. No. MJG-11-0095, 2012 WL 71018, at *1 n.3 (D. Md. Jan. 9, 2012); *Moore v. Matthews*, 445 F. Supp. 2d 516, 525 n.7 (D. Md. 2006).

[7] The Court does not need to address whether it could assert general jurisdiction over Snow Patrol.

5

the [relevant forum], thus invoking the benefits and protections of its laws."). In circumstances similar to those present in this case, courts in this District have determined that the exercise of personal jurisdiction was appropriate. *See, e.g.*, *Hollerbach*, 1995 WL 604706, at *3 (third party defendant conducted continuous business and marketing efforts within the bulge area); *Paxton*, 93 F.R.D. at 505 (third party defendant's principle place of business was within the bulge area); *McGonigle*, 49 F.R.D. at 63 (third party defendants' principal office and the location of the underlying accident were within the bulge area). Accordingly, the Court discerns no unfairness, undue burden, or surprise in its exercise of jurisdiction over the Third Party Defendant.[8]

### III. CONCLUSION

For the foregoing reasons, Third Party Defendant's Motion to Dismiss will be DENIED. A separate Order follows.

__October 25, 2013__  
      Date

           /s/  
Alexander Williams, Jr.  
United States District Judge

---

[8] Snow Patrol asserts that it would be "unconscionable" to subject it to the jurisdiction of this Court because Maryland has a different statute of limitations for personal injury actions than does Virginia, the only state in which it ever directed its business. Doc. No. 27 at 4. Snow Patrol maintains that although the Plaintiff filed her action against Defendants within the three-year Maryland statute of limitations, the same suit could not have been filed in Virginia. *Id.* However, it cannot be said that Snow Patrol is "being haled into the bulge area solely as a result of random, fortuitous, or attenuated contacts." *Hollerbach*, 1995 WL 604706, at *3 (quoting *Burger King*, 471 U.S. at 475) (internal quotations omitted). Nor can it be said that Snow Patrol is being haled into the bulge area by the "unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (citations omitted). As discussed herein, Snow Patrol has deliberately engaged in significant activities within and created a substantial connection with the bulge area. In these circumstances, "it is presumptively not unreasonable to require [it] to submit to the burdens of litigation in that forum as well." *Id.* at 476. Furthermore, Plaintiff's interest in obtaining "convenient and effective relief" and "the interstate judicial system's interest in obtaining the most efficient resolution of controversies" counsel in favor of the Court's exercise of jurisdiction in this case. *Id.* at 477 (citations omitted).